Law Library

**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT
GUAM

2013 JUN -7 PM 3: 59

BY _____

PEOPLE OF GUAM,                          )          Criminal Case no. CF 518-12
                                         )
                                         )
          v.                             )
                                         )          **DECISION AND ORDER**
                                         )
CHIN HO WANG,                            )
                                         )
                                         )
                        Defendant.       )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 24, 2013. The People were represented by Assistant Attorney General Gerald L Henderson. The Defendant was represented by Assistant Public Defender Eric D. Miller.

Pending before the court are the following motions: Defendant's Notice of Motion and Motion to Release the Defendant on his Personal Recognizance, filed November 27, 2012; Notice of Motion and Motion to Permit Client to Travel to Hawaii for Medical Evaluation and Treatment, filed November 27, 2012; and Notice of Motion and Motion to Dismiss for Violation of Right to Speedy Trial, filed April 17, 2013; and the People's Opposition to Release on Recognizance and to Permit Defendant to Travel to Hawaii for Medical Evaluation and Treatment, filed December 31, 2012; and People's Opposition to Defendant's Motion to Dismiss for Violation of Right to Speedy Trial, filed May 15, 2013.

After considering the matter presented, the court now issues the following decision and order denying Defendant's motions for release and to dismiss.

## BACKGROUND

The Defendant was indicted on one count of felony *First Degree Criminal Sexual Conduct*, one count of felony *Terrorizing* involving a *Special Allegation of Possession and Use of a Deadly Weapon*, and one count each of misdemeanor *Family Violence* and *Assault*. The indictment arises from the allegation that the Defendant physically and sexual assaulted his girlfriend at knife point on August 31, 2012.

## DISCUSSION

**Motion to Release on Personal Recognizance**

On November 27, 2012, Defendant filed papers entitled, Notice and Motion to Release the Defendant on His Personal Recognizance and Notice of Motion and Motion to Permit Client to Travel to Hawaii for Medical Evaluation and Treatment. In support of his request Defendant cites to section 40.15(b) and (c) of title 8 of the Guam Code and asserts that while in the military he was seriously injured and has been diagnosed with Post Traumatic Stress Disorder.

On December 31, 2012, the People filed a paper in opposition to Defendant's request entitled, People's Opposition to Defendant's Motion to Release on Recognizance and to Permit Defendant to Travel to Hawaii for Medical Evaluation and Treatment. In it the People oppose Defendant's request for release and request that the court not alter Defendant's bail conditions. In support of their opposition the People cite to the Defendant's failure to allege any statutorily salient facts supporting his release, the alleged acts of violence in the People's indictment, the Defendant's violent criminal history, his poor history of complying with court orders, his active recidivism, and his recent motion to put at issue his mental state. The Defendant has not filed a paper in reply to the People's opposition paper.

Subsections 40.15(b) and (c) regulate when a person may be released upon their own recognizance. They provide,

> (b) The judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.
>
> (c) In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge shall consider the following factors:
>
> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
>
> (2) the history and characteristics of the person charged, including:
>
> (i) length of his/her residence on Guam;
>
> (ii) his/her employment status and history, and financial condition;
>
> (iii) his/her family ties and relationships;
>
> (iv) his/her reputation, character and mental and physical condition;
>
> (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
>
> (vi) his/her history relating to drug or alcohol abuse;
>
> (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
>
> (viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>
> (ix) his/her history of compliance with other Court orders;
>
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and
>
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(b) and (c). Defendant's motion fails to assert any facts upon which this could could base a finding under the above statute. Absent the Defendant providing this information the court is unable to grant his request.

**II. Motion to Dismiss**

On April 17, 2013, Defendant filed a paper entitled Notice of Motion and Motion to Dismiss for Violation of Right to Speedy Trial. In it Defendant requests that this matter be

dismissed, citing to the requirement of section 80.60 of title 8 of the Guam Code. In support of his request Defendant asserts that as of the date he signed his motion to dismiss, his statutory speedy trial right had been violated; it having fallen outside of the required time period by two days.

On May 15, 2013 the People filed a paper entitled, People's Opposition to Defendant's Motion to Dismiss for Violation of Right to Speedy Trial. In it the People oppose the dismissal of this case. They argue that the 45 day period has not expired because it was tolled by the Defendant's motions and that any delay in the proceedings has been to Defendant's benefit.

Section 80.60 of the title 8 of the Guam Code regulates defendant's statutory speedy trial protections. In relevant part it provides:

> (a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
> . . . .
> (2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment
> . . . .
> (b) A criminal action shall not be dismissed pursuant to Subsection (a) if:
> (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
> (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
> (3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 G.C.A. § 80.60. On its face section 80.60 requires dismissal of any criminal action in which a trial has not commenced within the prescribed time. *Id.* However, it also mandates that dismissal must be denied on any of the grounds stated in subsection (b). *Id.* In this case Defendant asserts that the required 45 day limit has passed.

Defendant first asserted his right to speedy trial on September 19, 2012. Then on October 24, 2012 his right to a speedy trial was withdrawn by his signed written waiver.

Defendant asserts that during this time 35 days accrued, leaving 10 remaining. On November 27, 2013, Defendant filed his written motions for pretrial release. On November 30, 2012 he re-asserted his right to a speedy trial and made a verbal motion to have his mental state put at issue. At the direction of the court Defendant's motion was memorialized and filed on December 4, 2012.

Defendant's motion for pretrial release was heard on November 30, 2013 and his motion to put his mental state at issue was heard on January 3, 2013. On May 3, 2013 the court, having considered the several and complex issues contained in Defendant's mental-state motion, issued an order that granted Defendant's request for Forensic Psychiatric/Psychological Exam and consideration of his mental state. It denied his request for a protective order; the court found that a protective order was redundant of Guam's evidentiary and legal protections already in place. At the hearing Defendant argued that the remaining 10 days of his speedy trial protections were exhausted in April of 2013. In support of this argument he counts the time period in between, the Superior Court's 90-day administrative limit for deciding cases and the date of his request to dismiss.

The court is not persuaded by Defendant's argument. Guam statute has given important protections to its citizens who are accused of committing crimes. 8 G.C.A. § 80.60. However, although a defendant's multiple assertions and waivers of his right may generally be compounded and viewed in the aggregate, these protections are designed to ensure that a defendant is brought to trial within in a reasonable time. They are not to be used as a tool for surprise, intimidation or dismissal. The Court is aware of no precedent, binding or persuasive, which attaches the administrative rules of the court to Guam's speedy trial protection. To the

contrary, a review of Guam Supreme Court precedent reveals that the court was within the outside nine-month limit. *Nicholson v. Superior Court of Guam*, 2007 Guam 9 ¶ 28.

In 2009 the Guam Supreme Court, interpreting what constitutes good cause under section 80.60 explained, "Delay for the defendant's benefit also constitutes good cause." *Guam v. Flores*, 2009 Guam 22 ¶ 32. Since the Defendant's re-assertion of this statutory protection, the court has acted for his benefit, deciding his multiple and complex requests. Under the above standards the court is unable to find that the 45 day protection has been violated or that since its November 30, 2012 tolling, that its clock has begun again to run.

## CONCLUSION

Based on the foregoing, the court denies Defendant's motions for release and dismissal are denied.

SO ORDERED, this 7ᵗʰ day of _____ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

the office of the clerk of the Superior Court of Guam
Dated at Hagåtña Guam

JUN -7 2013

Frederic J. Mendiola
Deputy Clerk, Superior Court of Guam